1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

| | |
|---|---|
| GONZALO VALDOVINOS-BLANCO, | )   1:12-cv-00211-BAM (PC) |
| | ) |
| Plaintiff, | )   ORDER DISMISSING ACTION FOR |
| | )   FAILURE TO STATE A CLAIM |
| v. | )   (ECF No. 1) |
| | ) |
| NEIL H. ADLER, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

15

16

### I.      Introduction

17

18

19

20

21

22

23

Plaintiff Gonzalo Valdovinos-Blanco ("Plaintiff"), proceeding in forma pauperis, is a federal prisoner currently incarcerated at Cibola Correctional Center in Milan, New Mexico.  On February 14, 2012, Plaintiff filed a pro se civil action, which was purportedly brought pursuant to 42 U.S.C. § 1983.  However, as Plaintiff is a federal prisoner, his claims are brought under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which is the federal analog to an action against state or local officials under § 1983.  Starr v. Baca, 652 F.3d 1202, 1206-08 (9th Cir. 2011).

24

### II.     Screening Standard

25

26

27

28

Pursuant to the in forma pauperis statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

III.   **Allegations**

Despite an introductory paragraph stating that Plaintiff has claims for negligence, Equal Protection, discrimination, violation of the First Amendment, violation of the Eighth Amendment and medical negligence, Plaintiff limits his causes of action to violations of the Eighth Amendment based on his medical care.  Plaintiff's complaint alleges claims of (1) deliberate indifference to his medical needs in violation of the Eighth Amendment and (2) cruel and unusual punishment in violation of the Eighth Amendment based on Plaintiff's medical treatment or lack thereof.  (ECF No. 1, pp. 5-6, 8-10.)

Plaintiff seeks injunctive and compensatory relief from Defendants Adler and Rucker, who were employed by Taft Correctional Institution, which is owned and operated by a private company, Defendant Management & Training Corporation. (ECF No. 1, pp.1-2.)  Plaintiff also names the Federal Bureau of Prisons.

IV.   **Discussion**

A Bivens action may only be brought against a responsible federal official in his or her individual capacity.  Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1988).  Bivens does not authorize a suit against the government or its agencies for monetary relief.  FDIC v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.ED.2d 308 (1984).  Therefore, Plaintiff cannot hold an agency of the government, such as the Bureau of Prisons, liable for alleged civil rights violations.

Further, a Bivens remedy is not available to a prisoner asserting Eighth Amendment claims for damages against private prison employees.  In Minneci v. Pollard, ---U.S.---, 132 S.Ct. 617, 626 (2012), the Supreme Court held as follows:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.  We cannot imply a *Bivens* remedy in such a case.

Id.

1    Based on the holding in <u>Minneci</u>, Plaintiff cannot maintain a <u>Bivens</u> action

2  against Defendants Adler and Rucker—two privately employed personnel working at a

3  privately operated federal prison—or against Defendant Management and Training

4  Corporation—a private corporation—because state law provides adequate tort remedies,

5  including medical malpractice.

6    **V.    Conclusion and Order**

7    The Court concludes the Plaintiff cannot state a cognizable claim against any of

8  the named defendants in this action.  "[L]eave to amend should be granted if it appears at

9  all possible that the plaintiff can correct the defect." <u>Lopez v. Smith, 203 F.3d 1122, 1130</u>

10 <u>(9th Cir.2</u>000) (internal citations omitted).  However, in this action, it is apparent that the

11 deficiencies in the complaint are not capable of being cured by amendment and leave to

12 amend shall not be granted.

13    Accordingly, this action is DISMISSED for failure to state a claim.

14

15 IT IS SO ORDERED.

16    Dated:   **June 13, 2013**                    /s/ *Barbara A. McAuliffe*

17                                                   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28